**WO**                    NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Laura Lyn Klaas,<br><br>         Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>         Defendant. | No. CV-15-01535-PHX-JJT<br><br>**ORDER** |

At issue is the denial of Plaintiff Laura Lyn Klaas's Application for Disability Insurance Benefits by the Social Security Administration under the Social Security Act. Plaintiff filed a Complaint (Doc. 1) with this Court seeking judicial review of that denial and an Opening Brief in support (Doc. 13, "Pl.'s Br."). Defendant Commissioner of Social Security Administration filed a responsive brief requesting remand for further proceedings (Doc. 20, "Def.'s Br."), and Plaintiff filed a Reply seeking remand for a computation of benefits (Doc. 21, "Reply").

On January 23, 2014, an Administrative Law Judge ("ALJ") denied Plaintiff's claim for Disability Insurance Benefits based on disability beginning January 5, 2009, (Doc. 9, R. at 21-40), and that decision was upheld by the Appeals Council on June 12, 2015 (R. at 1-6). After Plaintiff appealed the ALJ's decision, Defendant conceded that the ALJ made certain errors in reaching her decision and requesting remand. (Def.'s Br. at 5.) In response, Plaintiff argues that no outstanding issues remain and the Court should find Plaintiff disabled under the Act and remand for a calculation of benefits. (Reply at 3-7.)

Thus, Plaintiff asks that the Court apply the "credit-as-true" rule, which would result in remand of Plaintiff's case for payment of benefits rather than further proceedings. (Pl.'s Br. at 23-24; Reply at 2-7.) The credit-as-true rule only applies in cases that raise "rare circumstances" that permit the Court to depart from the ordinary remand rule under which the case is remanded for additional investigation or explanation. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099–102 (9th Cir. 2014). These rare circumstances arise when three elements are present. First, the ALJ must fail to provide legally sufficient reasons for rejecting medical evidence. *Id*. at 1100. Second, the record must be fully developed, there must be no outstanding issues that must be resolved before a determination of disability can be made, and further administrative proceedings would not be useful. *Id*. at 1101. Further proceedings are considered useful when there are conflicts and ambiguities that must be resolved. *Id*. Third, if the above elements are met, the Court may "find[] the relevant testimony credible as a matter of law . . . and then determine whether the record, taken as a whole, leaves 'not the slightest uncertainty as to the outcome of [the] proceeding.'" *Id*. (citations omitted).

The Court has reviewed the record in its entirety and agrees with Defendant that the record is not fully developed and that uncertainty remains as to whether Plaintiff is disabled under the Act. For example, the ALJ gives "significant weight" to the opinions of Dr. Donald Fruchtman and Dr. Brian Briggs, but those opinions are themselves disparate. (R. at 26.) It is unclear from the ALJ's opinion which portions of each are credited, which are not, and why. The ALJ also failed to fully consider those opinions and did not consider all limitations assessed in the RFC. (R. at 28-32.) Further, the ALJ failed to at all consider the assessment of occupational therapist Mary Louise Hyman, who opined that Plaintiff's limitations preclude even sedentary work. (R. at 26.) The ALJ also failed to provide specific, clear, and convincing reasons substantiated by the requisite evidence in the record for rejecting Plaintiff's subjective testimony, which must also be reconsidered, particularly in light of SSR 96-7p. (Def.'s Br. at 7; *cf.* Reply at 4.)

In addition to these specific errors, the ALJ generally fails to adequately summarize the facts and conflicting medical evidence in a "detailed and thorough fashion," as required. *See Maganalles v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). Nonetheless, the Court cannot take Plaintiff's proposed findings in place of missing findings by an ALJ (*see* Pl.'s Br. at 23-24) and must remand so that important gaps in the ALJ's findings can be filled in and the reasoning for those findings clarified. *See Carmickle v. Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008) (holding that the ALJ is responsible for judging the medical evidence and making findings in the first instance). Further administrative proceedings in this case would be more than useful; they are necessary.

Because of the uncertainty left by gaps in the ALJ's findings as well as contradictory medical records and opinions, uncertainty also remains as to whether Plaintiff is disabled under the Act. As Defendant points out, on remand, the ALJ must reassess the severity of Plaintiff's impairments, consider all of the medical opinions of record, articulate the weight given to the medical opinions—including which portions of those opinions—and the reasons therefor in a detailed and thorough manner, and draw conclusions as to Plaintiff's residual functional capacity and her resulting ability to perform past relevant work or other work in the national economy, taking additional vocational expert testimony as necessary.

For all the foregoing reasons, the Court must remand this matter to the ALJ for further development of the record and a disability determination.

**IT IS THEREFORE ORDERED** granting Defendant Commissioner of Social Security Administration's Motion for Remand in its Response (Doc. 20). The Court remands this matter for further proceedings consistent with this Order.

. . . .

. . . .

. . . .

. . . .

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly and close this case.

Dated this 16th day of March, 2017.

Honorable John J. Tuchi
United States District Judge